UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DEIVID JOSE CHARMELL AMPIE, *proceeding by his next friend* MARIA CHARMELL-DE LOS ANGELES DE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2922

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, proceeding by his next friend Ms. Maria de los Angeles Medina de Charmell, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of Petitioner's detention.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas

[1] As set forth below, the Court will permit Ms. de los Angeles Medina de Charmell to proceed as next friend of Petitioner in this action.

corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or, alternatively, to order a new, individualized bond hearing. (Pet., ECF No. 1, PageID.9.)

In an order entered on October 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 21, 2026. (ECF No. 6.)

## II. Next Friend Status

As a preliminary matter, the Court must determine whether Ms. de los Angeles Medina de Charmell may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on his or her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his or her dedication to

the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee . . . could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition and attached documents adequately demonstrate that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited English proficiency. Moreover, Ms. de los Angeles Medina de Charmell, Petitioner's wife, has demonstrated both a significant relationship with Petitioner, and that she is truly dedicated to acting in Petitioner's best interests. Accordingly, the Court will permit Ms. de los Angeles Medina de Charmell to proceed as next friend to Petitioner.

## III. Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States on or about January 1, 2022. Notice to Appear (NTA), *Charmell Ampie v. Mullin* (*Charmell Ampie I*), No.

1:26-cv-2849 (W.D. Mich.), (ECF No. 4-1, PageID.32). On July 31, 2026, Petitioner was arrested by ICE officers and detained. (Pet., ECF No. 1, PageID.2.)

On October 5, 2026, Petitioner filed a § 2241 petition, through counsel, challenging the constitutionality of his detention following an order issued by the Detroit Immigration Court denying him bond in *Charmell Ampie v. Mullin* (*Charmell Ampie I*), No. 1:26-cv-2849 (W.D. Mich.). On October 13, 2026, while *Charmell Ampie I* remained pending, Petitioner filed the instant petition through his next friend Ms. de los Angeles Medina de Charmell. (Pet., ECF No. 1.) On October 16, 2026, the Court in *Charmell Ampie I* conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Charmell Ampie I*, (W.D. Mich. Oct. 16, 2026), (ECF Nos. 6, 7).

On October 22, 2026, Petitioner received a bond hearing, during which the immigration judge granted Petitioner's request for bond and ordered Petitioner released from custody under bond of $5,000.00. Immigration Judge Order, *Charmell Ampie I*, (ECF No. 8-1, PageID.74.)

**IV. Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## V. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition as duplicative of *Charmell Ampie I* or as moot.

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody or, alternatively, to conduct a new, individualized bond hearing. (Pet., ECF No. 1, PageID.9.) The record before the court indicates that Petitioner received a bond hearing and was granted release on bond on October 22, 2026. Immigration Judge Order, *Charmell Ampie I*, (ECF No. 8-1, PageID.74.)

Under these circumstances, because Petitioner received a bond hearing and release on bond, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

**Conclusion**

For the reasons set forth above, the Court will enter a judgment dismissing the petition without prejudice.

Dated: October 30, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge